*Law Offices*
**MORGAN, LEWIS & BOCKIUS LLP**
**(Pennsylvania Limited Liability Partnership)**
**502 Carnegie Center**
**Princeton, NJ  08540-6241**
**609.919.6600 / 6701 (fax)**
**Rene M. Johnson**
**Joseph A. Nuccio**
**Attorneys for Defendants**
**Moody's Corporation, Moody's Investors Service, Inc.,**
**and Raymond McDaniel**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILYA ERIC KOLCHINSKY,<br><br>Plaintiff,<br><br>v.<br><br>MOODY'S CORPORATION, MOODY'S INVESTORS SERVICE, INC., and RAYMOND MCDANIEL,<br><br>Defendants. | Civil Action No. 10-6840 (PAC)<br><br><br>*ELECTRONICALLY FILED* |

### DEFENDANT RAYMOND MCDANIEL'S MEMORANDUM OF LAW
### IN SUPPORT OF HIS MOTION TO DISMISS

On the Brief:

René M. Johnson
Joseph A. Nuccio

DB1/66240868.2

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................1

II.    STATEMENT OF FACTS ..................................................................................2

III.   ARGUMENT........................................................................................................3

       A.   Plaintiff's Defamation Claim Against Mr. McDaniel Should Be Dismissed ........3

            1.   Mr. McDaniel's Statement During The Earnings Call Is Absolutely
                 Privileged ...............................................................................................4

            2.   Mr. McDaniel's Statement Is Not "Of and Concerning" Plaintiff.............6

       B.   Plaintiff's Remaining Claims Against Mr. McDaniel Must Be Dismissed ...........7

IV.    CONCLUSION....................................................................................................8

# TABLE OF AUTHORITIES

## FEDERAL CASES

Am. Benefits Corp. v. Admin. Consultants, Inc.,
No. 87-1797, 1989 WL 129495 (S.D.N.Y. Oct. 26, 1989)..................................................6

Anyanwu v. Columbia Broadcasting Sys., Inc.,
887 F. Supp. 690 (S.D.N.Y. 1995)......................................................................................7

El Meson Espanol v. NYM Corp.,
521 F.2d 737 (2d Cir. 1975).................................................................................................6

Long v. Marubeni America Corp.,
406 F. Supp. 2d 285 (S.D.N.Y. 2005).................................................................................5

Moccio v. Cornell Univ.,
No. 09-3601, 2009 WL 2176626 (S.D.N.Y. July 21, 2009).................................................6

Thai v. Cayre Group, Ltd.,
--- F. Supp. 2d ----, 2010 WL 2710615 (S.D.N.Y. July 8, 2010) ...................................6, 7

The Savage Is Loose Co. v. United Artists Theater Circuit, Inc.,
413 F. Supp. 555 (S.D.N.Y. 1976).......................................................................................5

## STATE CASES AND STATUTES

Briarcliff Lodge Hotel v. Citizen-Sentinel Publishers,
260 N.Y. 106 (1932) ...........................................................................................................6

Holy Spirit Assoc. for the Unification of World Christianity v. New York Times Co.,
49 N.Y.2d 63 (1979)............................................................................................................5

Hudson v. Goldman Sachs & Co., Inc.,
304 A.D.2d 315 (1st Dep't 2003) ....................................................................................5, 6

Martin v. Beigel,
15 Media L. Rptr. 2261 (Sup. Ct. Columbia Cty. Aug. 25, 1988)......................................5

Sassower v. Finnerty,
96 A.D.2d 585 (2d Dep't 1983)..........................................................................................5

Sassower v. New York Times Co.,
48 A.D.3d 440 (2d Dep't 2008)..........................................................................................5

New York Civil Rights Law § 74 ..................................................................................2, 4, 5

Defendant Raymond McDaniel, by and through his counsel, Morgan, Lewis & Bockius LLP, hereby submits the following Memorandum of Law in support of his Motion to Dismiss.

## I. INTRODUCTION

As Moody's explained in its memorandum in support of its Motion to Dismiss, the central allegation in Plaintiff's Amended Complaint is that Moody's defamed Plaintiff simply by responding to Plaintiff's public accusations of fraud by the company. Although Plaintiff primarily alleges that Moody's was responsible for these allegedly defamatory statements, he also brings a defamation claim against Mr. McDaniel, Moody's Chief Executive Officer, based on a single statement made by Mr. McDaniel during an earnings call: that an "external investigation conducted by an independent law firm" concluded that various allegations of misconduct by Moody's "were not supported by the facts and were without merit." In making this statement, Mr. McDaniel was, as explained below, repeating in substance testimony previously given by a Moody's representative before a committee of the U.S. House of Representatives (the "House Committee"), a body before which Mr. Kolchinsky publicly aired his accusations of wrongdoing by Moody's. According to Plaintiff, Mr. McDaniel's repetition of a small portion of Moody's testimony before the House Committee defamed him and also gave rise to several other state law causes of action. As explained below, Plaintiff's claims are entirely meritless.

As Moody's explained in its memorandum in support of its Motion to Dismiss, Mr. McDaniel's statement cannot, as a matter of law, form the basis for a defamation claim because (1) it is not defamatory on its face; (2) to the degree the statement reflects negatively on Plaintiff, it is non-actionable opinion; and (3) even assuming the statement expresses any objectively verifiable fact, it is substantially true. Additionally, the claim must fail because Plaintiff has failed to plead (4) that Mr. McDaniel acted with "actual malice," the requisite level of intent, or

(5) that Plaintiff suffered special damages or that Mr. McDaniel's statement constitutes defamation per se.  Finally, the statement is not actionable because (6) it is a fair and true report of the testimony before the House Committee and therefore absolutely privileged under New York Civil Rights Law § 74, and (7) it was not "of and concerning" Plaintiff – indeed, Mr. McDaniel did not even mention Plaintiff's name – and therefore cannot be deemed to have defamed him.  In short, Plaintiff's defamation claim against Mr. McDaniel contains numerous deficiencies that require dismissal of the claim as a matter of law.

Plaintiff's remaining claims against Mr. McDaniel must also be rejected.  As New York law makes clear, state law tort claims that share a factual nucleus with a defamation claim must be dismissed as duplicative.  Moreover, each of Plaintiff's non-defamation claims fails to plead at least one requisite element.  Accordingly, Plaintiff has failed to set forth any viable claim against Mr. McDaniel.  In light of this failure, Mr. McDaniel respectfully requests that the Court grant his motion in its entirety and dismiss Plaintiff's claims against him with prejudice.

## II.   STATEMENT OF FACTS

As recounted in the Statement of Facts in Moody's Memorandum in Support of Its Motion to Dismiss Plaintiff's Amended Complaint (the "Moody's Memorandum"), which Mr. McDaniel hereby incorporates, Plaintiff's claims all center on his allegation that Moody's acted wrongfully in responding to Plaintiff's allegations of fraud and other wrongdoing.  As Moody's further explained, Plaintiff's accusations were raised in highly public settings, including testimony before the House Committee on September 30, 2009.  (See Moody's Mem. at 3-4.)  Also at the House Committee hearing, and in response to Mr. Kolchinsky's allegations, MIS Chief Credit Officer Richard Cantor testified that "Moody's retained the outside law firm, Kramer Levin, to conduct an independent investigation of all of these issues [raised internally by Plaintiff]."  (See Declaration of Joseph A. Nuccio ("Nuccio Decl.") submitted herewith, Exhibit

2

E at 21.)   In response to questioning, Mr. Cantor testified further that "Mr. Kolchinsky's allegations have been investigated and have been found to have no merit."  Id. at 48-49.

One month later, during Moody's third quarter 2009 earnings call (the "Earnings Call"), Mr. McDaniel commented on "recent allegations made by a couple of former Moody's employees" and reported -- without naming Plaintiff -- the substance of Mr. Cantor's testimony before the House Committee:  that "an external investigation conducted by an independent law firm into various claims about [collateralized debt obligations] raised by a former employee" found that the allegations "were not supported by the facts and were without merit."  (3Q 2009 Earnings Call Transcript (attached to the Nuccio Decl. as Exhibit G); Compl. ¶¶ 50, 75.)  This is the only statement attributed to Mr. McDaniel in Plaintiff's Amended Complaint.

### III. ARGUMENT

#### A. Plaintiff's Defamation Claim Against Mr. McDaniel Should Be Dismissed.

Plaintiff's sole allegation against Mr. McDaniel is that his comments during the Earnings Call defamed Plaintiff (1) by stating that Kramer Levin found that Plaintiff's internal complaints were "not supported by the facts and were without merit" (Compl. ¶ 50) and (2) by referring to the "independent investigation" performed by Kramer Levin.  The Moody's Memorandum makes clear that similar statements made by Moody's cannot form the basis of a defamation claim.  (See Moody's Mem. at 5-15.)  For the same reasons, which Mr. McDaniel hereby incorporates, the statement fails to state a viable claim against Mr. McDaniel:

- The statement is not defamatory.  The statement that an "independent law firm" found that Plaintiff's allegations were "without merit" does not make any assertion regarding Plaintiff's character or integrity and is therefore not defamatory on its face (see Moody's Mem. at 6-8);

- The statement is, at most, a protected statement of opinion.  To the extent that Plaintiff attempts to argue that the statement casts doubt on Plaintiff's credibility or character, the statement is a non-actionable statement of opinion.  The

3

> statement expresses Moody's subjective, unverifiable opinion as to the merits of Plaintiff's accusations (see id. at 8-10);
>
> - <u>To the degree the statement asserts any facts, it is substantially true</u>. Moody's did, in fact, hire an independent law firm to conduct an independent investigation, and the firm did, in fact, find that Plaintiff's internal complaints were not supported (see id. at 10-12). Any factual components of the statement are therefore literally true, which is a complete defense to Plaintiff's defamation claim against Mr. McDaniel;
>
> - <u>Plaintiff has failed to plead the requisite level of intent</u>. By repeatedly asserting in the press and before the House Committee that Moody's engaged in fraudulent conduct, Plaintiff became a limited purpose public figure and must therefore plead that Mr. McDaniel's statement was made with "actual malice" (see id. at 13-14). The Amended Complaint does not make a single assertion regarding Mr. McDaniel's state of mind and therefore utterly fails to plead that Mr. McDaniel acted with the requisite degree of intent;
>
> - <u>Plaintiff has not pleaded special damages or defamation per se</u>. Mr. McDaniel's statement, which did not address Plaintiff's profession or his skill in his chosen line of work, is as a matter of law not defamatory <u>per se</u> (see id. at 14-15). Because Plaintiff makes no attempt to allege special damages, he has failed to show that he was injured in any way by Mr. McDaniel's statement.

In addition to these fatal deficiencies, Plaintiff's defamation claim against Mr. McDaniel fails for the additional reasons set forth below. First, Mr. McDaniel's statement, which accurately related the substance of Moody's testimony before the House Committee, is absolutely privileged under New York Civil Rights Law § 74. Second, Mr. McDaniel's statement, which did not mention Plaintiff by name, was not "of and concerning" Plaintiff and therefore cannot be deemed to have defamed him.

         1.    **Mr. McDaniel's Statement During The Earnings Call Is Absolutely Privileged.**

Mr. McDaniel's statement on the Earnings Call repeated nearly verbatim the testimony given by Mr. Cantor on September 30, 2009 before the House Committee. Under New York Civil Rights Law § 74, the statement is therefore absolutely privileged and cannot form the basis of a defamation claim.

4

1057178_3

New York Civil Rights Law § 74 provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding." This privilege covers all assertions made outside of an official proceeding that "fairly reflect a party's … position" within the proceeding. Long v. Marubeni America Corp., 406 F. Supp. 2d 285, 295 (S.D.N.Y. 2005). Accordingly, a party facing allegations raised in an official proceeding "should … feel free and safe to announce its position … in a forum other than the [official proceeding]." Hudson v. Goldman Sachs & Co., Inc., 304 A.D.2d 315, 316 (1st Dep't 2003). Courts routinely apply this privilege to a party's statements that "constitute substantially accurate descriptions or characterizations" of the party's position. See, e.g., The Savage is Loose Co. v. United Artists Theater Circuit, Inc., 413 F. Supp. 555, 560-61 (S.D.N.Y. 1976); Martin v. Beigel, 15 Media L. Rptr. 2261 (Sup. Ct. Columbia Cty. Aug. 25, 1988). Omission of mere detail in an otherwise accurate account will not render the report defamatory. Sassower v. Finnerty, 96 A.D.2d 585 (2d Dep't 1983); see also Sassower v. New York Times Co., 48 A.D.3d 440 (2d Dep't 2008).

There can be no dispute that the House Committee hearing constitutes a "legislative proceeding or other official proceeding" triggering the protections of New York Civil Rights Law § 74. See Holy Spirit Assoc. for the Unification of World Christianity v. New York Times Co., 49 N.Y.2d 63 (1979) (applying absolute privilege to public statements regarding documents released by House Subcommittee on International Organizations). And Mr. McDaniel's statement – that an "independent law firm" investigated Plaintiff's allegations and found them to be "not supported by the facts and … without merit" –  is substantially identical to Mr. Cantor's testimony before the House Committee:  that an "independent law firm" retained by Moody's found Plaintiff's allegations were "unsupported" and "have no merit." Compare Compl. ¶¶ 50,

5

75 with Nuccio Decl. Ex. E at 21, 48-49; see also Briarcliff Lodge Hotel v. Citizen-Sentinel Publishers, 260 N.Y. 106, 118 (1932). Because Mr. McDaniel's statement is a substantially accurate description of Moody's testimony before the House Committee, it constitutes a "fair and true" report of Moody's position during the proceeding and is therefore protected under section 74. See, e.g., Hudson, 304 A.D.2d at 316 (holding that statements made by defendant's employee in a newspaper article were privileged). Accordingly the statement is absolutely privileged and Plaintiff's defamation claims against Mr. McDaniel must be dismissed.

### 2. Mr. McDaniel's Statement Is Not "Of and Concerning" Plaintiff.

A plaintiff may recover on a defamation claim only if the allegedly defamatory statement was "of and concerning" Plaintiff. See, e.g., Thai v. Cayre Group, Ltd., --- F. Supp. 2d ----, 2010 WL 2710615, at *7 (S.D.N.Y. July 8, 2010). The statement must, in other words, "target [plaintiff] as an individual." Id. at *6. A defamation claim will not lie if "a reasonable listener would not take [the statement] as impugning [plaintiff] or h[is] integrity personally." Id. "Absent some accusation of disreputable conduct or reprehensible character imputed to h[im] personally, [a plaintiff] cannot satisfy [the "of and concerning"] requirement solely by pointing to statements made about [an activity plaintiff] directed." Moccio v. Cornell Univ., No. 09-3601, 2009 WL 2176626, at *4 (S.D.N.Y. July 21, 2009); see also El Meson Espanol v. NYM Corp., 521 F.2d 737, 739 (2d Cir. 1975) ("[A] publication defamatory of a place or product is not a libel against its owner unless the owner himself is accused of disreputable conduct"); Am. Benefits Corp. v. Admin. Consultants, Inc., No. 87-1797, 1989 WL 129495, at *10 (S.D.N.Y. Oct. 26, 1989) (plaintiffs not mentioned in allegedly defamatory remarks could recover only if they "impute[d] to them personal misconduct or reprehensible character"). Whether a statement is "of and concerning" a plaintiff can be decided as a matter of law. Anyanwu v. Columbia Broadcasting Sys., Inc., 887 F. Supp. 690, 692 (S.D.N.Y. 1995).

6

Here, Mr. McDaniel's statement that Kramer Levin conducted an "independent" investigation and concluded that Plaintiff's internal complaints were "not supported" does not charge Plaintiff with any "disreputable conduct or reprehensible character." In fact, the statement does not mention Plaintiff at all. (Nuccio Decl. Ex. G.) Because the statement makes no representations concerning Plaintiff, it does not target Plaintiff "as an individual" and therefore cannot, as a matter of law, have defamed him. See Thai, 2010 WL 2710615, at *6. Plaintiff's only response is that Mr. McDaniel "sought to characterize the relationship [with Kramer Levin] as independent in order to defame and discredit [Plaintiff]" (Compl. ¶ 80), but this assertion must be rejected as "simply not plausible." See Thai, 2010 WL 2710615, at *6. Accordingly, the defamation claim against Mr. McDaniel fails.

  **B.** **Plaintiff's Remaining Claims Against Mr. McDaniel Must Be Dismissed.**

As explained in Moody's Memorandum, Plaintiff's remaining state law claims must be dismissed as duplicative because they are predicated on the same alleged conduct on which Plaintiff's defamation claim is based. (See Moody's Mem. at 16-17.) For the same reasons, which Mr. McDaniel hereby incorporates, the non-defamation claims against Mr. McDaniel also fail.[1] Moreover, as further explained in the Moody's Memorandum, each of these claims must be dismissed because Plaintiff has failed to allege at least one requisite element. (See Moody's Mem. at 17-20.) The claims against Mr. McDaniel are all marked by the same deficiencies. More specifically:

- The tortious interference claim fails because Plaintiff cannot establish a third-party business relationship with which Mr. McDaniel interfered. (See Moody's Mem. at 17-18.) Plaintiff makes no effort to explain how Mr. McDaniel's statement, which does not even identify Plaintiff by name, somehow interfered

---

[1] Plaintiff's declaratory judgment claim (Compl. ¶¶ 111-115) is directed only towards Moody's and not Mr. McDaniel. Accordingly, that claim is addressed in Moody's Memorandum (see Moody's Mem. at 16).

7

with any specific business opportunity (or caused him any harm at all).

- The intentional infliction of emotional distress claim fails because the statement by Mr. McDaniel does not remotely approach the type of statements that have been held to satisfy the "extreme and outrageous" standard.

- The prima facie tort claim fails because Plaintiff has neither established special damages nor "disinterested malevolence" on the part of Mr. McDaniel. Indeed, the omission of Plaintiff's name from Mr. McDaniel's statement is entirely inconsistent with the notion that Mr. McDaniel was motivated solely by a desire to harm Plaintiff.

- The injurious falsehood claim fails because Plaintiff cannot establish special damages. He certainly does not allege any damages attributable solely to Mr. McDaniel's statement, which would in any case be inseparable from any damages flowing from Moody's <u>preceding</u>, substantively identical, and privileged testimony before the House Committee.

Accordingly, Plaintiff's remaining state law claims are defective and must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Mr. McDaniel respectfully requests that the Court grant his motion and dismiss Plaintiff's claims against him in their entirety with prejudice.

Respectfully submitted,

**Morgan, Lewis & Bockius LLP**
Attorneys for Moody's Corporation, Moody's Investors Service, Inc., and Raymond McDaniel

s/ Joseph A. Nuccio
René M. Johnson
Dated:  December 28, 2010                    Joseph A. Nuccio

8

1057178_3