UNITED STATES DISTRICT COURT
SOUTHERN DISTRIST OF NEW YORK
-----------------------------------------------------------------------x
ILYA ERIC KOLCHINSKY,                              :
                                                   :    Index No. 10-CV-6840 (PAC)
                         Plaintiff,                :
                                                   :
-against-                                          :
                                                   :
MOODY'S CORPORATION, MOODY'S INVESTORS :
SERVICES, INC., and RAYMOND McDANIEL,              :
                                                   :
                         Defendants.               :
-----------------------------------------------------------------------x

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT RAYMOND McDANIEL'S MOTION TO DISMISS

## M<span>ALECKI</span> L<span>AW</span>

Jenice L. Malecki (JM 2871)
Adam M. Nicolazzo (AN 1583)
*Attorneys for Plaintiff*
11 B<span>ROADWAY</span>, S<span>UITE</span> 715
N<span>EW</span> Y<span>ORK</span>, N<span>EW</span> Y<span>ORK</span> 10004
(212) 943-1233 T<span>ELEPHONE</span>
(212) 943-1238 F<span>ACSIMILE</span>

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

STATEMENT OF FACTS ................................................................................................... 1

ARGUMENT ........................................................................................................................ 2

PART I. DEFENDANT MCDANIEL'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S
DEFAMATION CLAIM SHOULD BE DENIED .............................................................. 2

   1. Defendant McDaniel's Statement on the Earnings Call Was Not Absolutely Privileged 2

   2. Defendant McDaniel's Defamatory Statement on the Earnings Call Was "Of and
Concerning" Plaintiff ........................................................................................................ 4

PART II. PLAINTIFF'S REMAINING CLAIMS ARE NOT DUPLICATIVE OF HIS
DEFAMATION CLAIM AND ARE ADEQUATELY PLEAD ......................................... 5

CONCLUSION ..................................................................................................................... 5

Plaintiff Ilya Eric Kolchinsky, by his attorneys Malecki Law, hereby submits the following memorandum of law in opposition to Defendant Raymond McDaniel's Motion to Dismiss.

## INTRODUCTION

Plaintiff Kolchinsky commenced this lawsuit by filing his summons and complaint with this Court on September 13, 2010. He thereafter filed an amended complaint ("Amended Complaint") on November 29, 2010. In his Amended Complaint, Mr. Kolchinsky stated claims of defamation (First Cause of Action), declaratory judgment (Sixth Cause of Action) and other common law tort claims (Second, Third, Fourth, and Fifth Causes of Action).

Defendant's Moody's Corporation and Moody's Investors Services moved jointly to dismiss the Amended Complaint as against them. Additionally, Defendant McDaniel moved separately to dismiss the Amended Complaint as against him, arguing that "Mr. McDaniel's statement on [an] Earnings Call [was] … absolutely privileged" and that "Mr. McDaniel's statement is not 'of and concerning' Plaintiff." For the sake of efficiency and to avoid unnecessary duplication, Plaintiff respectfully refers the Court's attention to his Memorandum of Law in Opposition to Moody's Corporation's and Moody's Investors Services Motion to Dismiss ("Memorandum of Law in Opposition to Moody's Motion to Dismiss") for all issues not specifically addressed herein. For those reasons and the ones set forth below, this Court should deny Defendant McDaniel's Motion to Dismiss in its entirety.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to his Amended Complaint for a recitation of the facts in this case, which is annexed to the Affirmation of Jenice L. Malecki, Esq., dated January 28, 2011 ("Malecki Affirmation") as Exhibit A thereto.

## ARGUMENT

Defendant McDaniel seeks dismissal of the defamation claim stated in the Amended Complaint against him on the grounds that (1) his statement on an Earnings Call was absolutely privileged and (2) his statement was not "of and concerning" Mr. Kolchinsky. Each of these arguments is unavailable for the reasons set forth below.

### PART I.

### DEFENDANT MCDANIEL'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S DEFAMATION CLAIM SHOULD BE DENIED

To the extent that Defendant McDaniel refers to arguments set forth in the Moody's Memorandum, Mr. Kolchinsky incorporates his corresponding arguments from his Memorandum of Law in Opposition to Moody's Motion to Dismiss.

**1. Defendant McDaniel's Statement on the Earnings Call Was Not Absolutely Privileged**

In Defendant McDaniel's Memorandum of Law in Support of His Motion to Dismiss, Defendant McDaniel misconstrues the language of New York Civil Rights Law § 74 in an attempt to fit his defamatory statement within the protections of the statute. NYCRL § 74 provides "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true *report* of any judicial proceeding, legislative proceeding or other official proceeding..." (emphasis added).

In order to claim the protection of this exemption to liability, one must recite a "fair and true report." *Gurda v. Orange County Pub. Div. of Ottaway Newspapers, Inc.*, 81 A.D.2d 120, 125 (2d Dept. 1981); *see also, Beary v. West Pub. Co.*, 763 F.2d 66, 68 (2d Cir. 1985). Further, the publication in issue must *clearly attribute* the statement in question to the official

proceeding... on which it is reporting...." *Sack on Defamation* 4th Ed. § 7:3.5 (emphasis added). However, Defendant McDaniel's defamatory statement in this matter was not a report on Mr. Cantor's testimony before the committee of the U.S. House of Representatives. In fact, Mr. Cantor's name and the proceeding where he testified were never mentioned, nor was his testimony even referenced, during the relevant earnings call.

In *Gurda*, the court found that a true and accurate report was not recited, because prominent words were not included, which could imply to laymen readers that a crime had been committed. 81 A.D.2d at 126. Similarly, Defendant McDaniel did not recite a fair and accurate report because he did not include any reference to Mr. Cantor's comments, or even attribute the comments to Mr. Cantor. In this manner, Defendant McDaniel's statement cannot be considered a "fair and accurate report," and he is not entitled to claim the protections of the exception.

Because Defendant McDaniel cannot contend that he attributed his statement to Mr. Cantor in the context of Mr. Cantor's testimony before Congress, Defendant McDaniel is left only with the flawed position that because Defendant McDaniel said almost the same thing as Mr. Cantor, Defendant McDaniel is somehow entitled to the protection of the fair-reporting privilege. To allow this rationale to afford protection over Defendant McDaniel's statement would be to broaden the protections and privileges of §74 to encompass virtually any defamatory statement made subsequent to a similar statement made at any public proceeding.

As is clear from the transcript of the earnings call in question, Defendant McDaniel was not *simply* giving a "fair and true report" of Mr. Cantor's testimony. Rather, Defendant McDaniel's defamatory statement was his own factual assertion with the effect of professionally discrediting Mr. Kolchinsky. Therefore, Defendant McDaniel is not entitled to the protections and privileges afforded by NYCRL § 74.

3

## 2. Defendant McDaniel's Defamatory Statement on the Earnings Call Was "Of and Concerning" Plaintiff

It is well settled that "[a]s a threshold, and constitutional, matter, a plaintiff alleging defamation must demonstrate that the allegedly defamatory statement was of and concerning him or her." *Diaz v. NBC Universal*, Inc., 337 Fed. Appx. 94, 96 (2d Cir. 2009) (internal citations omitted). Defendant McDaniel contends that because the statement in question did not specifically mention Mr. Kolchinsky by name, it did not "target [him] as an individual" and therefore was not "of and concerning" Mr. Kolchinsky.

The law on this topic in New York has remained unchanged since the 19th century. The test to determine whether a statement is "of and concerning" an individual is not whether the individual was specifically named. Rather, the test is

> whether the libel designates the plaintiff in such a way as to let those who knew him understand that he was the person meant. It is not necessary that all the world should understand the libel; it is sufficient if those who knew the plaintiff can make out that he is the person meant.

*In re Houbigant, Inc.*, 182 B.R. 958, 972 (SDNY 1995), *overturned on other grounds*, (quoting *Fetler v. Houghton Mifflin Company*, 364 F. 2d 650, 651 (2d Cir. 1966).

Defendant McDaniel referenced "an external investigation conducted by an independent law firm into various claims about CDOs raised by a former employee". Mr. Kolchinsky was the only former Moody's employee who had raised claims regarding CDOs, and Moody's had previously publicly stated that a law firm was hired to investigate Mr. Kolchinsky's claims regarding CDOs. Therefore, the statement clearly identified Mr. Kolchinsky not only to those who knew him, but also to any "reasonable listener" who knew of him. Moreover, prior to Defendant McDaniel's defamatory statement, the *Wall Street Journal*, a publication which is widely read among Mr. Kolchinsky's peers, had identified Mr. Kolchinsky as the former

4

Moody's employee who raised concerns about CDOs. (Defendant's Exhibit B). Therefore, the statement easily identified Mr. Kolchinsky, not only to those who knew him, but also to any "reasonable listener" who knew of him. Defendant McDaniel's contention that his statement was not "of and concerning" Mr. Kolchinsky must fail as well.

Defendant McDaniel raises the contention that Mr. Kolchinsky was not targeted as an individual to support his position, Defendant McDaniel relies on a number of cases discussing vicarious defamation, which are on their face inapplicable to this case. Vicarious defamation covers plaintiffs who sue in their individual capacities for statements that were made about the companies they owned or programs they ran, rather than about the plaintiffs, themselves, as individuals. It is unclear how the Defendant associates this body of law with the statement at issue here, which was made directly about the Plaintiff (the "former employee"), an individual, and concerned his personal character and competence.

## PART II.

### PLAINTIFF'S REMAINING CLAIMS ARE NOT DUPLICATIVE OF HIS DEFAMATION CLAIM AND ARE ADEQUATELY PLEAD

As described fully in the Plaintiff's Memorandum in Opposition to Moody's Motion to Dismiss incorporated herein, the remaining common law claims are not duplicative of the defamation claim. In addition, they have been sufficiently and adequately pled.

### CONCLUSION

For the foregoing reasons, Plaintiff Ilya Eric Kolchinsky respectfully requests that this Court deny Defendant Raymond McDaniel's Motion to Dismiss, and for such other and further relief as this Court deems just under the circumstances.

Dated: New York, New York
       January 28, 2011

                                          **M**ALECKI**L**AW

Jenice L. Malecki (JM 2871)
Adam M. Nicolazzo (AN 1583)
*Attorneys for Plaintiff*
11 BROADWAY, SUITE 715
NEW YORK, NEW YORK 10004
(212) 943-1233 TELEPHONE
(212) 943-1238 FACSIMILE

To:    Rene M. Johnson, Esq.
        Joseph A. Nuccio, Esq.
        Morgan, Lewis & Bockius LLP
        502 Carnegie Center
        Princeton, NJ 08540
        (609) 919-6600
        *Attorneys for Defendants*