*Law Offices*
**MORGAN, LEWIS & BOCKIUS LLP**
**(Pennsylvania Limited Liability Partnership)**
**502 Carnegie Center**
**Princeton, NJ  08540-6241**
**609.919.6600 / 6701 (fax)**
**Rene M. Johnson**
**Joseph A. Nuccio**
**Attorneys for Defendants**
**Moody's Corporation, Moody's Investors Service, Inc.,**
**and Raymond McDaniel**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILYA ERIC KOLCHINSKY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MOODY'S CORPORATION, MOODY'S INVESTORS SERVICE, INC., and RAYMOND MCDANIEL,<br><br>　　　　　　Defendants. | Civil Action No. 10-6840 (PAC)<br><br><br>*ELECTRONICALLY FILED* |

**DEFENDANT RAYMOND MCDANIEL'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION TO DISMISS**

On the Brief:

René M. Johnson
Joseph A. Nuccio

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................1

II.    ARGUMENT................................................................................................................2

       A.    Plaintiff's Defamation Claim Against Mr. McDaniel Should Be Dismissed........2

             1.    Mr. McDaniel's Statement During The Earnings Call Is Absolutely
                   Privileged ...................................................................................................2

             2.    Mr. McDaniel's Statement Is Not "Of and Concerning" Plaintiff.............6

             3.    The Defamation Claim Against Mr. McDaniel Fails For The
                   Additional Reasons Set Forth In Moody's Motion To Dismiss ................7

       B.    Plaintiff's Remaining Claims Against Mr. McDaniel Must Be Dismissed...........8

III.   CONCLUSION.............................................................................................................9

# TABLE OF AUTHORITIES
## FEDERAL CASES

Beary v. West Pub. Co.,
763 F.2d 66 (2d Cir. 1985)...............................................................................................6

Long v. Marubeni America Corp.,
406 F. Supp. 2d 285 (S.D.N.Y. 2005)..............................................................................5

Moccio v. Cornell Univ.,
No. 09-3601, 2009 WL 2176626 (S.D.N.Y. July 21, 2009)............................................6

Oao Alfa Bank v. Ctr. for Pub. Integrity,
387 F. Supp. 2d 20 (D.D.C. 2005)...................................................................................5

The Savage Is Loose Co. v. United Artists Theater Circuit, Inc.,
413 F. Supp. 555 (S.D.N.Y. 1976)..................................................................................6

## STATE CASES

Gurda v. Orange Ct. Pub. Div. of Ottaway Newspapers, Inc.,
81 A.D.3d 120 (2d Dep't 1981), rev'd in part, 56 N.Y.2d 705 (1982)........................4, 5

Holy Spirit Assoc. for the Unification of World Christianity v. New York Times Co.,
49 N.Y.2d 63 (1979) ....................................................................................................4, 5

Hudson v. Goldman Sachs & Co., Inc.,
600502/00, 2002 WL 34338583 (Sup. Ct. N.Y. Cty. April 3, 2002),
        aff'd, 304 A.D.2d 315 (1st Dep't 2003)............................................................3, 4, 5, 6

Martin v. Beigel,
15 Media L. Rptr. 2261 (Sup. Ct. Columbia Cty. Aug. 25, 1988)...................................6

Mulder v. Donaldson, Lufkin & Jenrette,
208 A.D.2d 301 (1st Dep't 1995) ....................................................................................4

Sassower v. Finnerty,
96 A.D.2d 585 (2d Dep't 1983).......................................................................................6

Sassower v. New York Times Co.,
48 A.D.3d 440 (2d Dep't 2008).......................................................................................6

## OTHER AUTHORITY

New York Civil Rights Law § 74 ..........................................................................1, 3, 4, 5, 6

Sack on Defamation 4th Ed. § 7:3.5[B][1] .................................................................................5

**I.      INTRODUCTION**

Plaintiff's claims against Raymond McDaniel are based entirely on a single statement: Mr. McDaniel's reiteration of Moody's testimonial position before a congressional committee while reporting upon "legislative and regulatory development[s]" during an earnings call. For the reasons addressed below and in Mr. McDaniel's moving brief, all claims against him individually must be dismissed. In addition, the arguments raised in the accompanying brief of Moody's Corporation and Moody's Investors Service, Inc. apply with equal force to require dismissal of the claims against Mr. McDaniel as well.

Mr. McDaniel's report was absolutely privileged under New York Civil Rights Law § 74. In his opposition brief, Plaintiff fails to rebut this core argument. Instead, Plaintiff mistakenly contends that an allegedly defamatory statement must explicitly reference a judicial or official proceeding in order for the Section 74 privilege to apply. But the language of the statute imposes no such requirement, and New York courts have previously applied Section 74 in situations closely analogous to this one. Plaintiff's argument seeking to impose a new limitation on Section 74 finds no basis in the text of statute and relies entirely on case law that was either decided outside this district without reference to the statute at issue, otherwise irrelevant, or *reversed* on appeal.

Plaintiff has also failed to explain how Mr. McDaniel's statement could be "of and concerning" him when it did not name him, impugn his character, or attribute to him any reprehensible conduct.

Finally, Plaintiff's claim in his opposition to Moody's motion – that he was not a public figure *before* he testified – is irrelevant here because Mr. McDaniel's statement was made *after* Plaintiff's House Committee testimony.

For these reasons, and for the reasons set forth in Moody's Reply Memorandum of Law (incorporated herein by reference), Plaintiff's defamation claim against Mr. McDaniel should therefore be dismissed.

As to Mr. McDaniel's motion to dismiss Plaintiff's remaining state law claims, Plaintiff purports to address these claims in his opposition to Moody's motion. In doing so, he ignores key nuances to those arguments that require dismissal of these claims against Mr. McDaniel:

- Plaintiff claims that Moody's is a "monopoly" and therefore his tortious interference claim is valid – but Mr. McDaniel, an individual, has no "monopoly" power.

- Plaintiff attributes no "extreme and outrageous" conduct specifically to Mr. McDaniel that could support his intentional infliction of emotional distress claim.

As Plaintiff's other claims against Mr. McDaniel (prima facie tort and injurious falsehood) have now been withdrawn, and his remaining claims fail as set forth in more detail below, the Amended Complaint against Mr. McDaniel should be dismissed in its entirety.

## II.   ARGUMENT

### A.   Plaintiff's Defamation Claim Against Mr. McDaniel Should Be Dismissed.

#### 1.   Mr. McDaniel's Statement During The Earnings Call Is Absolutely Privileged.

Plaintiff bases his claim against Mr. McDaniel on a single statement that was made during the legislative and regulatory developments portion of Moody's October 2009 Earnings Call. In that call, Mr. McDaniel repeated nearly verbatim a portion of the testimony given on Moody's behalf before the September 30, 2009 House Committee proceedings. See McDaniel Mem. at 2-4. Mr. McDaniel's statement was thus a "fair and true report" of Moody's position in

2

those official proceedings and therefore absolutely privileged under New York Civil Rights Law § 74.

Plaintiff now seeks to graft onto that law a requirement that does not exist: that a "fair and true report" must specifically *name* the official proceeding referenced and the original source of the reported testimony.[1] But there is no basis for that newfound limitation in the text of the statute and, in fact, New York courts interpreting Section 74 have recognized no such requirement. For example, in Hudson v. Goldman Sachs & Co, Inc., 304 A.D.2d 315, 316 (1st Dep't 2003), the allegedly libelous statement arose out of a single sentence appearing in a *New York Times* article reporting on the discharge of a bond trader, who subsequently sued his former employer. The article reported that "unnamed employees of defendant were saying that defendant terminated plaintiff not for having an extramarital affair with a co-employee but for denying the affair when his superiors asked him about it." Id. After the article was published, Plaintiff Hudson promptly amended his complaint to add claims against Goldman Sachs for libel and slander. Even though, as of the date the article appeared, Goldman Sachs had not yet filed an answer or other pleadings in the legal proceeding, and even though the allegedly defamatory statement made no mention of the lawsuit, the trial court held that the sentence quoted above was a fair and true report under Section 74 because it was a substantially accurate report of

---

[1] Even if Mr. McDaniel were required to reference the House Committee proceedings at which Moody's position regarding the "independent investigation" was first articulated, which is not the case, the context of the Earnings Call, taken as a whole, makes abundantly clear that Mr. McDaniel was making just such a reference. Indeed, review of the entire Earnings Call transcript shows that Mr. McDaniel's comments were made during his "update on legislative and regulatory development[s]," including discussion of activity by the House Financial Services Committee and the SEC. Nuccio Decl. Ex. G at 3-4. Taken in context – and noting Mr. McDaniel's near-verbatim repetition of Mr. Cantor's testimony before the House Committee – it is clear that Mr. McDaniel was providing an updated report on Moody's position regarding the investigation of Plaintiff's claims as originally articulated in the House Committee proceedings.

3

Goldman's legal position.  See Hudson v. Goldman Sachs, 600502/00, 2002 WL 34338583 (Sup. Ct. N.Y. Cty. April 3, 2002).  On appeal, the First Department affirmed, noting that a party to an official proceeding should "feel free and safe to announce its position, and otherwise make its first response to the allegations against it, in a forum other than a court."  Hudson, 304 A.D.2d at 316.  As Hudson makes clear, Section 74 immunity depends upon the report being an accurate summary of a party's position in an official proceeding, not upon the inclusion therein of any express reference to that proceeding.[2]  See also Mulder v. Donaldson, Lufkin & Jenrette, 208 A.D.2d 301 (1st Dep't 1995) (defendant DLJ's statement to Wall Street Journal was privileged under Section 74 "as a substantially accurate description of its position in [an] arbitration proceeding").

Plaintiff relies on Gurda v. Orange Cty. Pub. Div. of Ottaway Newspapers, Inc., 81 A.D.2d 120 (2d Dep't 1981), to argue that "one must recite a 'fair and true report'" of an official proceeding in order for the Section 74 privilege to attach.  (Pl. Memo. at 2-3.)  Plaintiff repeats the word "recite" several times as though the word appears in the Gurda decision (it does not) and as though Gurda states that one must specifically identify a proceeding for the privilege to attach, which it does not.  Moreover, Plaintiff implies that the holding in Gurda requires that a speaker must accurately summarize both sides of a controversy for the Section 74 privilege to attach.[3]  In so arguing, Plaintiff disingenuously neglects to mention that the Second Department decision on which he relies was overturned on appeal.  In Gurda v. Orange Cty. Pub. Div. of

---

[2]  Plaintiff does not challenge (nor could he) that the House Committee hearings constitute a "legislative or other official proceeding," to which Section 74 applies just as with judicial proceedings.  See Holy Spirit Assoc. for the Unification of World Christianity v. New York Times Co., 49 N.Y.2d 63 (1979) (reports concerning investigation and documents released by House Subcommittee on International Organizations privileged under Section 74).

[3]  Notably, Gurda involved a claim against the press; it was not a situation in which a party was stating its own legal position.  There is no authority suggesting that a party must summarize the adverse party's position in order for Section 74 to apply to a summary of its own position.

4

Ottaway Newspapers, Inc., 56 N.Y.2d 705, 708 (1982), the Court of Appeals *reversed* the Appellate Division's finding that no "true and accurate report" was made, and instead adopted the dissenting judges' analysis below that the language at issue "should not be dissected and analyzed with a lexicographer's precision" and that a true and accurate report *was* in fact made. See Gurda, 81 A.D.2d at 132-133 (dissenting op.) (citing Holy Spirit Assn. for Unification of World Christianity v. New York Times Co., 49 N.Y.2d 63, 68 (1979)).[4]

In short, it is clear that, under New York law, a summary of a party's legal position in an official proceeding is protected under the Section 74 privilege if "it fairly reflects a party's . . . position within the proceeding." Long v. Marubeni America Corp., 406 F. Supp.2d 285, 295 (S.D.N.Y. 2005). When setting forth its own legal position, there is no need for a party to summarize the adverse party's position. See Hudson, 304 A.D.2d at 316 (finding party's public statement of its position, containing no summary of adverse party's position, privileged under Section 74).[5] As the weight of case law is against Plaintiff, and his argument for imposing a new

---

[4] Plaintiff also cites Sack on Defamation for the proposition that a defendant must expressly attribute a statement to the official proceeding for the fair report privilege to attach. However, the cited section of the Sack treatise does *not* address New York Civil Rights Law § 74, but instead refers to the *common-law* version of the privilege, and in fact notes that the "coverage [of the privilege] differs dramatically from jurisdiction to jurisdiction." Sack on Defamation 4th Ed. § 7:3.5[B][1]. Indeed, the section of Sack quoted by Plaintiff cites as authority only dictum in a single case in another circuit (Oao Alfa Bank v. Ctr. for Pub. Integrity, 387 F. Supp. 2d 20 (D.D.C. 2005)). See Sack on Defamation 4th Ed. § 7:3.5[B][1]. By contrast, Hudson v. Goldman Sachs makes clear that, in New York, express reference to the official proceeding is by no means a requirement of invoking the privilege under Section 74 when a party is summarizing its own legal position.

[5] Plaintiff makes no effort to distinguish or even address the many cases cited by Mr. McDaniel providing that assertions made by or on behalf of a party to an official proceeding are absolutely privileged as long as they fairly reflect the party's position. See McDaniel Mem. at 5-6 and cases cited therein.

5

limitation on Section 74 is wholly unsupported by any applicable authority,[6] his opposition fails and Mr. McDaniel's statement should be deemed absolutely privileged.[7]

### 2. Mr. McDaniel's Statement Is Not "Of and Concerning" Plaintiff.

Plaintiff wholly misconstrues Mr. McDaniel's argument as to why his statements were not "of and concerning" Plaintiff. While it is true that Mr. McDaniel did not mention Plaintiff by name, that is not the primary basis for Mr. McDaniel's argument. Rather, because Mr. McDaniel's statement – that an "external investigation conducted by an independent law firm into various claims about CDOs raised by a former employee … found that the allegations were not supported by the facts and were without merit" – deals solely with the results of the investigation into Plaintiff's complaints, it is not defamatory because it does not accuse Plaintiff *personally* of any "disreputable conduct or reprehensible character." See Moccio v. Cornell Univ., No. 09-3601, 2009 WL 2176626, at *4 (S.D.N.Y. July 21, 2009). That is the significance of the "vicarious defamation" cases cited by Mr. McDaniel: as in those cases, the statement at issue here was not about Plaintiff *personally*, but rather about a third party (Kramer Levin) and its conclusions regarding an *activity* of Plaintiff's (his internal complaints). Nothing in Mr.

---

[6] Plaintiff's other cited case, Beary v. West Pub. Co., 763 F.2d 66 (2d Cir. 1985), is unhelpful as the "report" at issue there was the reproduction of a judicial opinion "precisely as written by the judge," and therefore was "clearly" a "fair and true report." Beary, 763 F.2d at 68. The Beary decision did not discuss under what circumstances something other than an exact reproduction may constitute a fair and true report, and certainly does not hold that an exact reproduction is *required*. See, e.g., The Savage is Loose Co. v. United Artists Theater Circuit, Inc., 413 F. Supp. 555, 560-61 (S.D.N.Y. 1976); Sassower v. New York Times Co., 48 A.D.3d 440 (2d Dep't 2008); Sassower v. Finnerty, 96 A.D.2d 585 (2d Dep't 1983); Martin v. Beigel, 15 Media L. Rptr. 2261 (Sup. Ct. Columbia Cty. Aug. 25, 1988).

[7] Plaintiff falsely claims that Mr. McDaniel is asking the Court to "broaden … [New York Civil Rights Law] § 74 to encompass virtually any defamatory statement made subsequent to a similar statement made at any public proceeding." As demonstrated by Hudson, 304 A.D.2d at 316, the statute has already been interpreted to protect statements about a party's own legal position regardless of whether the statement expressly references the official proceeding in which that position was voiced.

McDaniel's statement can be said to "concern[ Plaintiff's] personal character and competence" directly, despite Plaintiff's unsupported assertion to the contrary. Accordingly, the defamation claim against Mr. McDaniel fails for this reason as well.

3. **The Defamation Claim Against Mr. McDaniel Fails For The Additional Reasons Set Forth In Moody's Motion To Dismiss.**

Plaintiff's defamation claims against Mr. McDaniel are also unsustainable for the many additional reasons set forth in Moody's Reply Memorandum of Law, which is incorporated herein by reference. One argument in particular deserves further attention here: that Plaintiff's claim against Mr. McDaniel must be dismissed because he is a limited purpose public figure but has not pled malice.

In his opposition to Moody's motion, Plaintiff argues that he cannot be a limited purpose public figure because "the Defendants' comments were made prior to his appearance before the House Committee." Whatever the dubious merits of this argument as applied to Moody's, it most certainly cannot apply to Mr. McDaniel, whose *only* statement at issue in this case was made nearly one month *after* Plaintiff testified before the House Committee and after multiple press articles were published chronicling Plaintiff's crusade against Moody's. See Nuccio Decl. Exs. B, C, D, E, F. Plaintiff does not and cannot contend that he remained a private figure after his testimony and televised appearances on CNBC (on September 25 and October 2, 2009)[8] and Bloomberg (on October 2, 2009)[9]. Accordingly, he is a limited purpose public figure at least with respect to his claim against Mr. McDaniel, and must therefore adequately plead actual malice. But his Amended Complaint is devoid of *any* allegation that *Mr. McDaniel* (separate from Moody's) acted with requisite malice. Nor does his opposition to either Moody's or Mr.

---

[8] See http://www.cnbc.com/id/15840232?play=1&video=1275519055 and http://www.cnbc.com/id/15840232/?video=1282619042&play=1.

[9] See http://www.bloomberg.com/apps/news?pid=newsarchive&sid=ar9Hc1AYMxr4.

McDaniel's motions identify any such allegations.  Accordingly, Mr. McDaniel's argument regarding actual malice is unopposed, and Plaintiff's defamation claim against him should be dismissed for failure to plead actual malice.

### B.      Plaintiff's Remaining Claims Against Mr. McDaniel Must Be Dismissed.

As with Plaintiff's defamation claim, his remaining state law claims against Mr. McDaniel are fatally flawed for the reasons set forth in Moody's Reply Memorandum of Law. In addition, Plaintiff's substantive arguments regarding these claims as set forth in his Opposition to Moody's Motion to Dismiss cannot be properly extended to Mr. McDaniel.

As to Plaintiff's claim that Moody's tortiously interfered with his business relationships by virtue of its alleged "monopoly" power, see Opp. Mem. (Moody's) at 22-23, no such argument – whatever its merits – can apply to an individual such as Mr. McDaniel.  Indeed, even Plaintiff does not claim that Mr. McDaniel possesses such "monopoly" power.  Plaintiff therefore has not opposed Mr. McDaniel's argument that the tortious interference claim against him fails, and accordingly it must be dismissed.

As to his claim of intentional infliction of emotional distress, Plaintiff argues that this claim survives because Moody's "repeatedly retaliated against him," "suspended him," and "depriv[ed] him of livelihood."  Opp. Mem. (Moody's) at 24.  Plaintiff has never pled or otherwise claimed that *Mr. McDaniel* is personally responsible for any of these acts. Accordingly, the IIED claim against Mr. McDaniel fails.

In his opposition to Moody's Motion to Dismiss, Plaintiff voluntarily withdrew his other state law claims (prima facie tort and injurious falsehood).  As those claims have been withdrawn and Plaintiff's remaining state law claims against Mr. McDaniel are defective as set forth above, they all must be dismissed.

### III. CONCLUSION

For the foregoing reasons, Mr. McDaniel respectfully requests that the Court grant his motion and dismiss Plaintiff's claims against him in their entirety with prejudice.

Respectfully submitted,

**Morgan, Lewis & Bockius LLP**
Attorneys for Moody's Corporation, Moody's
Investors Service, Inc., and Raymond McDaniel

s/ Joseph A. Nuccio
René M. Johnson

Dated:  February 18, 2011        Joseph A. Nuccio