*Law Offices*
**MORGAN, LEWIS & BOCKIUS LLP**
**(Pennsylvania Limited Liability Partnership)**
**502 Carnegie Center**
**Princeton, NJ  08540-6241**
**609.919.6600 / 6701 (fax)**
**Rene M. Johnson**
**Joseph A. Nuccio**
**Attorneys for Defendants**
**Moody's Corporation, Moody's Investors Service, Inc.,**
**and Raymond McDaniel**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ILYA ERIC KOLCHINSKY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MOODY'S CORPORATION, MOODY'S INVESTORS SERVICE, INC., and RAYMOND MCDANIEL,**<br><br>**Defendants.** | **Civil Action No. 10-6840 (PAC)**<br><br>**ANSWER AND SEPARATE DEFENSES OF DEFENDANTS MOODY'S CORPORATION AND MOODY'S INVESTORS SERVICE, INC.** |

Defendants, Moody's Investors Service, Inc. ("MIS") and Moody's Corporation ("MCO"), (collectively, "Defendants")[1], by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby answer the Second Amended Complaint (the "Complaint") of Plaintiff, Ilya Eric Kolchinsky ("Plaintiff"), in accordance with the numbered paragraphs thereof, as follows:

1.      The allegations of this paragraph constitute conclusions of law to which no response is required.  Insofar as a response is required, Defendants deny the allegations of this

---

[1]      All claims alleged against Defendant Raymond McDaniel have been dismissed with prejudice, in accordance with the Court's February 28, 2012 Opinion and Order on Defendants' Motions to Dismiss.  Accordingly, no response is required from Mr. McDaniel to Plaintiff's Second Amended Complaint.

paragraph except admit that Plaintiff purports to bring a retaliatory termination claim against MCO and MIS under the Sarbanes-Oxley Act of 2002 ("SOX") and that all other claims alleged by Plaintiff in the Complaint are dismissed with prejudice pursuant to the Court's February 28, 2012 Opinion and Order on Defendants' Motions to Dismiss (the "Dismissal Order"). Defendants specifically deny that Plaintiff is entitled to any relief under SOX.  Defendants further deny that Plaintiff has any pending claims against Raymond McDaniel.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph.  The remaining allegations of this paragraph relate solely to claims dismissed with prejudice pursuant to the Dismissal Order, and accordingly no response is required.  To the extent a response is required, the remaining allegations of this paragraph are denied.

3.      To the extent that paragraph 3 of the Complaint refers to documents, those documents speak for themselves.  To the extent that the allegations of paragraph 3 misconstrue, mischaracterize, or misstate the content of those documents, they are denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of this paragraph regarding what Plaintiff "reasonably believed" or "recognized."  The remaining allegations of this paragraph are denied.

## PARTIES

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.      Admitted in part, denied in part.  Defendants admit that Plaintiff was hired by MIS effective May 30, 2000, voluntarily resigned therefrom effective May 27, 2004, and was rehired by MIS effective May 31, 2005.  The remaining allegations of this paragraph are denied. By way of further answer, Defendants aver that Plaintiff transferred from MIS's Derivatives Group to MIS's Research and Analytics Group effective November 16, 2007; that Plaintiff became an employee of Moody's Evaluations, Inc. ("MEI") effective January 16, 2008; that Plaintiff transferred from MEI to Moody's Analytics ("MA") effective January 29, 2009; and that Plaintiff voluntarily resigned from MA in September 2009.

7.      Defendants admit that Plaintiff worked for various subsidiaries of MCO for over six years.  The remaining allegations of this paragraph are denied.

8.      Denied.  By way of further answer, Defendants aver that Plaintiff voluntarily resigned from MA in September 2009.

9.      Defendants deny that Plaintiff was "terminated" from his employment with MA in September 2009.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint.

10.      Admitted in part, denied in part.  Defendants admit that Plaintiff gave testimony before the House Committee on Oversight and Government Reform (the "House Committee"). Defendants deny that Plaintiff was "terminated" from his employment with MA.  Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations that he "was invited to testify" and gave "truthful, solicited testimony" before the House Committee.  The remaining allegations of this paragraph relate solely to claims dismissed with prejudice pursuant to the Dismissal Order, and accordingly no response is required.  To the extent a response is required, the remaining allegations of this paragraph are denied.

11.     The allegations of this paragraph relate solely to claims dismissed with prejudice pursuant to the Dismissal Order, and accordingly no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

12.     Admitted.

13.     Admitted.

14.     To the extent that paragraph 14 of the Complaint refers to documents, those documents speak for themselves.  To the extent that the allegations of paragraph 14 misconstrue, mischaracterize, or misstate the content of those documents, they are denied.

15.     Defendants admit that MCO is a publicly traded company and that its shares are traded on the New York Stock Exchange under the ticker symbol MCO.  Any remaining allegations of this paragraph are denied.

16.     The allegations of this paragraph constitute conclusions of law to which no response is required.  Insofar as a response is required, the allegations of this paragraph are denied.

17.     The allegations of this paragraph constitute conclusions of law to which no response is required.  Insofar as a response is required, Defendants admit that MCO has registered a class of securities in accordance with section 12 of the Securities Exchange Act.  Any remaining allegations of this paragraph are denied.

18.     The allegations of this paragraph are vague, ambiguous, and constitute conclusions of law to which no response is required.  Insofar as a response is required, the allegations of this paragraph are denied.

19.     The allegations of this paragraph are vague, ambiguous, and constitute conclusions of law to which no response is required.  Insofar as a response is required,

4

Defendants admit that Raymond McDaniel ("McDaniel") was at all relevant times the Chairman of the Board and Chief Executive Officer of MCO.  The remaining allegations of this paragraph are denied.

20.     The allegations of this paragraph are vague, ambiguous, and constitute conclusions of law to which no response is required.  Insofar as a response is required, the allegations of this paragraph are denied.

21.     The allegations of this paragraph are vague, ambiguous, and constitute conclusions of law to which no response is required.  Insofar as a response is required, Defendants admit that MIS is a wholly owned subsidiary of MCO.  Any remaining allegations of this paragraph are denied.

22.     Defendants admit that McDaniel was at all relevant times the Chairman of the Board and Chief Executive Officer of MCO.  The remaining allegations of the first sentence of this paragraph are denied.  As all claims alleged against McDaniel have been dismissed with prejudice, the remaining allegations of this paragraph are irrelevant to Plaintiff's sole remaining claim in this action and therefore no response is required.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "government['s] belie[fs]" as set forth in the first sentence of paragraph 23 of the Complaint.  To the extent that paragraph 23 of the Complaint refers to documents, those documents speak for themselves.  To the extent that the allegations of paragraph 23 misconstrue, mischaracterize, or misstate the content of those documents, they are denied.  The remaining allegations of this paragraph constitute conclusions of law to which no response is required.

## JURISDICTION AND VENUE

24.     The allegations of this paragraph constitute conclusions of law to which no response is required.  Insofar as a response is required, Defendants deny the allegations of this paragraph except admit that Plaintiff purports to invoke the Court's jurisdiction pursuant to the statutes cited.

25.     The allegations of this paragraph constitute conclusions of law to which no response is required.  Insofar as a response is required, Defendants deny the allegations of this paragraph except admit that Plaintiff purports to invoke the Court's jurisdiction pursuant to the statute cited.

26.     The allegations of this paragraph constitute conclusions of law to which no response is required.  Insofar as a response is required, Defendants deny the allegations of this paragraph except admit that Plaintiff purports to invoke the Court's jurisdiction pursuant to the statute cited.

27.     The allegations of this paragraph constitute conclusions of law to which no response is required.  Insofar as a response is required, Defendants deny the allegations of this paragraph except admit that Plaintiff purports to invoke venue in this Court pursuant to the statute cited.

## STATEMENT OF FACTS

28.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, Defendants admit that in September 2007 Plaintiff was employed by MIS as a Team Managing Director (TMD) in MIS's Derivatives Group.  Defendants admit further that

Plaintiff's responsibilities in that position included supervising a team of analysts tasked with rating collateralized debt obligations (CDOs) backed by structured asset-backed securities (ABSs).  To the extent the allegations of paragraph 28 of the Complaint are inconsistent with these statements, they are denied.

29.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "found out" as set forth in paragraph 29 of the Complaint.

30.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "believed" as set forth in paragraph 30 of the Complaint.

31.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  In addition, the allegations of this paragraph constitute conclusions of law to which no response is required.

32.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is

deemed required, the allegations of this paragraph are vague, non-specific, and ambiguous and therefore denied.

33.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  In addition, the allegations of this paragraph constitute conclusions of law to which no response is required.

34.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "believed" as set forth in paragraph 34 of the Complaint.  The remaining allegations in this paragraph are vague and ambiguous and therefore denied.

35.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiff and Andrew Kimball, then MIS's Head of Credit Policy ("Kimball"), had communications regarding the ratings process for CDOs backed by residential mortgage-backed securities in September 2007.  The remaining allegations in this paragraph are vague and ambiguous and therefore denied.

36.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is

deemed required, Defendant admit that Moody's published a press release on CDO rating methodology in September 2007. The allegations of this paragraph regarding a "potentially fraudulent situation" are vague, ambiguous, and constitute conclusions of law to which no response is required. Insofar as a response is required, these allegations are denied.

37.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

38.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff requested transfer to and was transferred to a TMD position in MIS's Research and Analytics Group effective November 16, 2007. The remaining allegations of this paragraph, including all sub-paragraphs and all allegations that Plaintiff was retaliated against, are denied.

39.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required. To the extent a response is deemed required, Defendants admit that, as of September 2007, Plaintiff had worked for MIS for a total of approximately six years. The allegations of this paragraph regarding "adverse employment action" are vague, ambiguous, and constitute conclusions of law to which no response is required. Insofar as a response is required, these allegations are denied.

40.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, Defendants admit that in September 2008 Plaintiff told Michael Kanef, then Chief Regulatory and Compliance Officer for MCO ("Kanef"), that: (1) a year earlier, in September 2007, he (Plaintiff) had raised concerns to his then-supervisor Yuri Yoshizawa ("Yoshizawa") and to Kimball regarding the ratings process for CDOs backed by residential mortgage backed securities; (2) Plaintiff's concerns were addressed by a press release issued by MIS on or about September 21, 2007; and (3) Yoshizawa allegedly retaliated against Plaintiff for raising these concerns by forcing him out of the Derivatives Group.  To the extent the allegations of this paragraph are inconsistent with these statements, they are denied.

41.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

42.     The allegations of this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is required, Defendants admit that in September 2007 Kanef was a Group Managing Director in MIS's Asset Backed Finance Rating Group.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's "worry" as set forth in the last sentence of paragraph 42 of the Complaint.  The remaining allegations of this paragraph are vague, non-specific, and ambiguous and therefore denied.

43.     The allegations of this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, the allegations of this paragraph are vague, non-specific, and ambiguous and therefore denied.

44.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, Defendants admit that Kanef communicated with Plaintiff several times regarding his September 2008 complaint.  Defendants admit further that on December 3, 2008, Kanef informed Plaintiff that the law firm of Sullivan & Cromwell ("S&C") had been retained concerning Plaintiff's complaint, at Plaintiff's urging to select S&C as outside counsel.  The remaining allegations of this paragraph, including all sub-paragraphs, are denied.

45.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, the allegations in this paragraph are admitted.

46.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, the allegations of paragraph 46 of the Complaint regarding unspecified "ABS CDOs" are vague and ambiguous and therefore denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding parties other

than Defendants and regarding when Plaintiff "became aware" of the alleged actions regarding unspecified "ABS CDOs."

47.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiff had communications with members of MIS's Credit Policy Group regarding rating methodology in October 2008.  The remaining allegations in this paragraph are vague and ambiguous and therefore denied.

48.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiff had communications with the members of MIS's Credit Policy Group regarding rating methodology in October 2008.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "concluded" regarding the purported "proposed methodology."  The remaining allegations in this paragraph are vague and ambiguous and therefore denied.

49.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

50.     The allegations in this paragraph are irrelevant to Plaintiff's sole remaining claim that he was retaliated against for allegedly engaging in protected activity in 2009 (see Complaint paragraphs 152 to 158) and therefore no response is required.  To the extent a response is

deemed required, Defendants admit that in January 2009 Plaintiff was offered and, on January 28, 2009, voluntarily accepted a transfer to MA's Quality Assurance department, effective January 29, 2009. The remaining allegations of this paragraph, including all allegations that Plaintiff was retaliated against, are denied.

51.     Defendants admit that S&C had been retained concerning Plaintiff's complaint at Plaintiff's urging to select S&C as outside counsel, and that on January 9 and 13, 2009, Plaintiff sent to Kanef, an S&C attorney, and his own personal counsel several e-mails raising additional concerns regarding the ratings process for ABS CDOs, including a forwarded copy of an e-mail exchange between Plaintiff, members of MIS's Credit Policy Group, and Kimball in late October 2008. To the extent the allegations of this paragraph are inconsistent with these statements, they are denied. To the extent the allegations of this paragraph are extraneous to these statements, they are irrelevant to the issues in dispute pertaining to Plaintiff's sole remaining claim in this action and therefore no response is required.

52.     Defendants admit that S&C had been retained concerning Plaintiff's complaint at Plaintiff's urging to select S&C as outside counsel, and that on January 9 and 13, 2009, Plaintiff sent to Kanef, an S&C attorney, and his own personal counsel several e-mails raising additional concerns regarding the ratings process for ABS CDOs, including a forwarded copy of an e-mail exchange between Plaintiff, members of MIS's Credit Policy Group, and Kimball in late October 2008. To the extent the allegations of this paragraph are inconsistent with these statements, they are denied. To the extent the allegations of this paragraph are extraneous to these statements, they are irrelevant to the issues in dispute pertaining to Plaintiff's sole remaining claim in this action and therefore no response is required.

53.     To the extent that paragraph 53 of the Complaint refers to the e-mails referenced in paragraph 52 of the Complaint, those documents speak for themselves.  To the extent that the allegations of paragraph 53 misconstrue, mischaracterize, or misstate the content of those documents, they are denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "reasonably believed" as set forth in paragraph 53 of the Complaint.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "noticed" regarding the subject transaction and what his observations "indicated" to him.  The remaining allegations of this paragraph are vague and ambiguous and therefore denied.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the scope of Plaintiff's "inquiry" or what it "indicated" as set forth in the first sentence of paragraph 55 of the Complaint.  Insofar as a response is required, Defendants deny these allegations.  The remaining allegations of this paragraph are denied.

56.     Admitted.

57.     Defendants admit that on July 28, 2009, Plaintiff sent a complaint to Kanef alleging that the Nine Grade Funding II transaction was improperly rated by MIS, despite the admitted fact that Plaintiff was not involved and did not participate in the rating of that transaction and was no longer working for MIS when the transaction was rated.  Defendants admit further that Plaintiff sent a modified version of his original July 2009 complaint to Kanef on August 28, 2009.  To the extent the allegations of this paragraph are inconsistent with these statements, they are denied.  Defendants further deny that Plaintiff's July/August 2009 complaints were written "pursuant to the instructions of" S&C.  To the extent the allegations of

14

this paragraph are extraneous to these statements, they are irrelevant to the issues in dispute pertaining to Plaintiff's sole remaining claim in this action and therefore no response is required.

58.     To the extent that paragraph 58 of the Complaint refers to documents, those documents speak for themselves.  To the extent that the allegations of paragraph 58 misconstrue, mischaracterize, or misstate the content of those documents, they are denied.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "reasonably believed" as set forth in paragraph 59 of the Complaint.

60.     Defendants admit that on July 28, 2009, Plaintiff sent a complaint to Kanef alleging that the Nine Grade Funding II transaction was improperly rated by MIS, despite the admitted fact that Plaintiff was not involved and did not participate in the rating of that transaction and was no longer working for MIS when the transaction was rated.  Defendants admit further that Plaintiff sent a modified version of his original July 2009 complaint to Kanef on August 28, 2009.  Defendants admit further that MCO retained the law firm of KL in or around July/August 2009 to investigate Plaintiff's complaint.  To the extent the allegations of this paragraph are inconsistent with these statements, they are denied.  To the extent the allegations of this paragraph are extraneous to these statements, they are irrelevant to the issues in dispute pertaining to Plaintiff's sole remaining claim in this action and therefore no response is required.

61.     Denied.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63.     Defendants admit that KL attorneys asked to meet with Plaintiff on September 2, 2009; that on August 31, 2009, Plaintiff requested to receive in advance an agenda for that meeting; that a KL attorney subsequently spoke with Plaintiff by phone regarding the planned topics for the meeting; and that Plaintiff subsequently refused to meet with KL.  The remaining allegations of this paragraph are denied.

64.     Defendants specifically deny that Plaintiff requested his counsel's presence at the September 2, 2009 meeting with KL that he refused to attend.  Defendants further deny that the absence of Plaintiff's counsel was the reason for his refusal to attend the meeting, or that Plaintiff ever advised that his refusal to attend the meeting was because his counsel was not present.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged reasons for "want[ing] personal counsel present" for the September 2, 2009 meeting. that he refused to attend, as set forth in paragraph 64 of the Complaint.  Insofar as a response is required, Defendants deny the allegations of this paragraph, including all subparts and footnotes.

65.     Defendants admit that Plaintiff refused to meet with KL attorneys.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding why Plaintiff refused to meet with KL attorneys.  Insofar as a response is required, Defendants deny these allegations of this paragraph.  Defendants specifically deny that Plaintiff requested his counsel's presence at the September 2, 2009 meeting, that the absence of Plaintiff's counsel was the reason for his refusal to attend the meeting, or that Plaintiff ever advised that his refusal to attend the meeting was because his counsel was not present.

66.     Defendants admit that a representative from MCO's Human Resources department, Marianne Fabozzi ("Fabozzi"), and a representative from MCO's Legal department,

Amy Winkelman ("Winkelman"), met with Plaintiff on September 3, 2009, and asked Plaintiff to meet with the KL attorneys, but Plaintiff refused.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff "recorded" this meeting.  Defendants aver that Plaintiff never disclosed to Fabozzi or Winkelman that he was recording their meeting.  The remaining allegations of this paragraph are denied.

67.     Defendants admit that Plaintiff was placed on paid suspension effective September 4, 2009.  Defendants admit that after Plaintiff was placed on paid suspension, he was identified as inactive in one internal employee directory, was asked to temporarily return MA equipment in his possession, and was advised not to work for MA during the course of his suspension.  Defendants aver further that Plaintiff was advised his suspension would be lifted as soon as he cooperated with KL's investigation.  To the extent the allegations of this paragraph are inconsistent with these statements, they are denied.

68.     Defendants admit that Plaintiff voluntarily resigned from MA effective September 16, 2009.

69.     Denied.

70.     Defendants do not dispute at this time that Plaintiff's actions in January 2009 and July/August 2009 constituted protected activity under SOX.  Accordingly, the allegations of this paragraph are irrelevant to the issues in dispute pertaining to Plaintiff's sole remaining claim in this action and therefore no response is required.

71.     Defendants do not dispute at this time that Plaintiff's actions in January 2009 and July/August 2009 constituted protected activity under SOX.  Accordingly, the allegations of this paragraph are irrelevant to the issues in dispute pertaining to Plaintiff's sole remaining claim in this action and therefore no response is required.

72.     Defendants do not dispute at this time that Plaintiff's actions in January 2009 and July/August 2009 constituted protected activity under SOX.  Accordingly, the allegations of this paragraph are irrelevant to the issues in dispute pertaining to Plaintiff's sole remaining claim in this action and therefore no response is required.

73.     Denied.

74.     Defendants admit that Plaintiff filed a complaint against MIS with the United States Department of Labor Occupational Safety and Health Administration ("OSHA"), the contents of which speak for themselves.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint.

76.     Admitted.

77.     Admitted.

78.     Admitted.

79.     Admitted.

80 – 143.  The allegations of paragraphs 80 through 143 of the Complaint relate solely to claims dismissed with prejudice pursuant to the Dismissal Order, and accordingly no response is required.

## CAUSES OF ACTION

144 – 146.  The allegations of paragraphs 144 through 146 of the Complaint relate solely to claims dismissed with prejudice pursuant to the Dismissal Order, and accordingly no response is required.

147.    Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 146 of Plaintiff's Complaint, as if such responses were fully set forth herein.

148.    Defendants admit that Plaintiff was an employee of MIS from May 31, 2005 to January 16, 2008; that Plaintiff was an employee of MEI from January 16, 2008 to January 29, 2009; and that Plaintiff was an employee of MA from January 29, 2009 to September 16, 2009. The remaining allegations of this paragraph are denied.

149.    Defendants admit that MCO is a publicly traded company and that its shares are traded on the New York Stock Exchange under the ticker symbol MCO.  Any remaining allegations of this paragraph are denied.

150.    The allegations of this paragraph constitute conclusions of law to which no response is required.  Insofar as a response is required, Defendants admit that MCO has registered a class of securities in accordance with section 12 of the Securities Exchange Act. Any remaining allegations of this paragraph are denied.

151.    The allegations of this paragraph constitute conclusions of law to which no response is required.  Insofar as a response is required, the allegations of this paragraph are denied.

152.    Defendants do not dispute at this time that Plaintiff's actions in January 2009 and July/August 2009 constituted protected activity under SOX.  Accordingly, the allegations of this paragraph are irrelevant to the issues in dispute pertaining to Plaintiff's sole remaining claim in this action and therefore no response is required.

153.    Defendants do not dispute at this time that Plaintiff's actions in January 2009 and July/August 2009 constituted protected activity under SOX.  Accordingly, the allegations of this

paragraph are irrelevant to the issues in dispute pertaining to Plaintiff's sole remaining claim in this action and therefore no response is required.

154.    Defendants do not dispute at this time that Plaintiff's actions in January 2009 and July/August 2009 constituted protected activity under SOX.  Accordingly, the allegations of this paragraph are irrelevant to the issues in dispute pertaining to Plaintiff's sole remaining claim in this action and therefore no response is required.

155.    Defendants do not dispute at this time that Plaintiff's actions in January 2009 and July/August 2009 constituted protected activity under SOX.  Accordingly, the allegations of this paragraph are irrelevant to the issues in dispute pertaining to Plaintiff's sole remaining claim in this action and therefore no response is required.

156.    Defendants do not dispute at this time that Plaintiff's actions in January 2009 and July/August 2009 constituted protected activity under SOX.  Accordingly, the allegations of this paragraph are irrelevant to the issues in dispute pertaining to Plaintiff's sole remaining claim in this action and therefore no response is required.

157.    Denied (including all subparagraphs).

158.    Denied (including all subparagraphs).

159 – 172.  The allegations of paragraphs 159 through 172 of the Complaint relate solely to claims dismissed with prejudice pursuant to the Dismissal Order, and accordingly no response is required.

Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint, including the remedies and relief requested in the "REQUEST FOR RELIEF" section of the Complaint.

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails, in whole or part, to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's Complaint is barred, in whole or part, by the applicable statutes of limitations.

### THIRD SEPARATE DEFENSE

Plaintiff's Complaint is barred insofar as Plaintiff has failed to mitigate his damages, if any.

### FOURTH SEPARATE DEFENSE

Any loss, injury or damage to Plaintiff was proximately caused or contributed to by Plaintiff's own conduct, and therefore each, any, and all damages recoverable by Plaintiff from Defendant must be offset by the amount of damages proximately caused or contributed to by Plaintiff.

### FIFTH SEPARATE DEFENSE

Each and every action taken by Defendants with regard to Plaintiff's employment was based on legitimate and non-retaliatory business reasons.

### SIXTH SEPARATE DEFENSE

Plaintiff did not suffer any adverse employment action.

### SEVENTH SEPARATE DEFENSE

Even if Plaintiff could establish that he suffered any adverse employment action, any activity by Plaintiff protected under SOX was not considered when Defendants decided to impose such adverse employment action.

## EIGHTH SEPARATE DEFENSE

Even if Plaintiff could establish that he suffered any adverse employment action, and even if Plaintiff could establish that Defendants considered any protected activity under SOX when deciding to impose such adverse employment action – which did not occur and which, therefore, Plaintiff cannot prove – Plaintiff still would have suffered such adverse employment action for legitimate and non-retaliatory reasons.

## NINTH SEPARATE DEFENSE

Defendants MIS and/or MCO are not proper parties to this action.

## TENTH SEPARATE DEFENSE

Defendants' good faith compliance with law precludes Plaintiff from recovering punitive damages.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust his administrative remedies.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims for damages are barred or limited under the after-acquired evidence doctrine.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are frivolous, unreasonable, and groundless and, accordingly, Defendants should recover all costs and attorneys' fees incurred herein.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses as discovery reveals further information or as Plaintiff's claims are clarified.

**WHEREFORE**, Defendants respectfully request:

1.      That Plaintiff takes nothing by this action;

2.      That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3.      That Defendants be awarded their costs of suit herein incurred;

4.      That Defendants be awarded their attorneys' fees; and

5.      That the Court award Defendants such other and further relief as it deems proper.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP
Attorneys for Defendants
Moody's Corporation, Moody's Investors
Service, Inc., and Raymond McDaniel

s/Joseph A. Nuccio
René M. Johnson
Dated:  March 27, 2012            Joseph A. Nuccio